**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES | : | MDL NO. 1871 |
| PRACTICES AND PRODUCTS | : | 07-MD-01871 |
| LIABILITY LITIGATION | : | |

| | | |
|---|---|---|
| THIS DOCUMENT APPLIES TO: | : | HON. CYNTHIA M. RUFE |
| | : | |
| MARK SHURTLEFF, ATTORNEY GENERAL | : | CIVIL ACTION |
| OF THE STATE OF UTAH ex rel. THE STATE | : | |
| OF UTAH | : | |
|       v. | : | |
| | : | |
| GLAXOSMITHKLINE, LLC, formerly | : | |
| SMITHKLINE BEECHAM CORPORATION | : | |
| d/b/a GLAXOSMITHKLINE | : | NO. 11-2915 |

| | | |
|---|---|---|
| STATE OF LOUISIANA | : | CIVIL ACTION |
| | : | |
|       v. | : | |
| | : | |
| GLAXOSMITHKLINE, LLC, formerly | : | |
| SMITHKLINE BEECHAM CORPORATION | : | |
| d/b/a GLAXOSMITHKLINE; | : | |
| GLAXOSMITHKLINE, PLC | : | NO. 11-3521 |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                                                                                    **April 4, 2012**

I.      **BACKGROUND**

        In these actions, filed on behalf of the states of Utah and Louisiana, Plaintiffs

(collectively, "the States") allege that Defendant, GlaxoSmithKline ("GSK"), violated state

consumer-protection statutes and committed state-law torts.  In essence, Plaintiffs allege that

Medicaid funds were improperly dispersed to Utah and Louisiana Medicaid participants and

suppliers for the non-medically appropriate use of the diabetes drug Avandia because of fraudulent and deceptive practices by GSK that misrepresented the safety and efficacy of Avandia.  The cases were filed in the applicable state courts, removed to federal court by GSK, and transferred to this Court by the Judicial Panel on Multidistrict Litigation. GSK argues that removal was proper in these cases because this Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331; in the Louisiana case, GSK also argues that removal was proper pursuant to 28 U.S.C. § 1332 because the true parties in interest to the dispute are of diverse citizenship and the amount in controversy exceeds $75,000.  The States seek to have the cases remanded to the state courts.

## II.    STANDARD OF REVIEW

Removal of a civil action from state to federal court is proper only if the action initially could have been brought in federal court.[1]  The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."[2]  28 U.S.C. § 1331 grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[3]  28 U.S.C. § 1332 provides that the federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[4]

---

[1] 28 U.S.C. § 1441(a).

[2] Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

[3] 28 U.S.C. § 1331.

[4] 28 U.S.C. § 1332(a).

As the party removing the case, GSK has the burden to prove that federal jurisdiction is proper at all stages of the litigation.[5]

## III.   DISCUSSION

### A.  Federal Question Jurisdiction

Although there is no "mechanical test for determining when an 'action aris[es] under' federal law,"[6] for purposes of jurisdiction, it is generally accepted that the "well-pleaded complaint [must] establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[7]

"Arising under" federal-question jurisdiction is generally appropriate in two types of actions.  The first, most common, category involves suits in which the plaintiff pleads a cause of action created by federal law.[8]  In the second "slim category of cases,"[9] a plaintiff pleads a state-law cause of action that "implicate[s] significant federal issues" or "turn[s] on substantial questions of federal law," and therefore contains an "embedded federal issue[]."[10]

---

[5] Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

[6] See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8 (1983).

[7] Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006).

[8] See, e.g., Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916); Metro. Life Ins. Co. v. Price, 501 F.3d 271, 276 (3d Cir. 2007) ("Federal question jurisdiction exists when the plaintiff's well-pleaded complaint establishes that federal law creates the cause of action.") (internal quotation omitted).

[9] Empire, 547 U.S. at 701.

[10] Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 318 (2005).

3

In both categories, every putative federal-question case must adhere to the "well-pleaded complaint" rule. Under that rule, a suit "'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"[11] The existence of a federal defense to a state-law cause of action will not suffice;[12] instead, the plaintiff's well-pleaded complaint must include, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded federal question that is both substantial and disputed."[13] Moreover, "[t]he fact that a complaint mentions, or even incorporates a federal law, does not determine whether it 'arises under' the Constitution, laws or treaties of the United States."[14]

Jurisdiction will lie only if three conditions are met: 1) the case necessarily raises a federal issue, 2) the federal issue is substantial and in actual dispute, and 3) the exercise of federal jurisdiction will not disturb "any congressionally approved balance of federal and state judicial responsibilities."[15] If the dispute is fact-bound and does not rely solely on a

---

[11] Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)).

[12] It is well-established that a federal defense does not provide a basis for removal, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987); United Jersey Banks v. Parrell, 783 F.2d 360, 365 (3d Cir. 1986). See also Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

[13] See, e.g., Mottley, 211 U.S. at 152.

[14] Walker v. Family Med. Ctr. of Charleston, No. 06-00634, 2007 WL 149001, at *2 (S.D. W. Va. Jan. 18, 2007); see also Fairfax Fin. Holdings Ltd. v. S.A.C. Capital Mgmt., LLC, No. 06-4197, 2007 WL 1456204, at *3 (D.N.J. May 15, 2007) ("The Complaint does not 'necessarily raise' a federal question because it alleges predicate violations of both federal and state law.").

[15] Grable, 545 U.S. at 314.

4

determination of federal law, remand is appropriate.[16]

Here, the States have asserted only state-law causes of action.[17]  GSK argues that the cases involve embedded federal questions because: 1) the States' obligation to pay for Avandia is rooted in the federal Medicaid statutes; and 2) whether GSK misrepresented Avandia requires interpretation of decisions by the federal Food and Drug Administration ("FDA").[18]  In the Utah case, GSK argues that because the federal Medicaid program requires Utah to pay for a "covered outpatient drug," and because the FDA approved the use Avandia for treatment of type 2 diabetes at the relevant times, Avandia was a covered drug and federal law required Utah to pay for it. Therefore, according to GSK, Utah's claim that GSK fraudulently induced all Avandia presecriptions in effect challenges Avandia's status as an approved and covered drug under

---

[16] Empire, 547 U.S. at 691-93 (holding that federal subject-matter jurisdiction was lacking in a case in which a health insurance carrier for federal employees brought suit seeking reimbursement of benefits on the ground that the enrollee had recovered damages for his injuries in a state court action).

[17] Indeed, the States are insistent in the Complaints that no federal claims are implicated.  For example, the Utah Complaint alleges that:

> The instant Complaint does not confer diversity jurisdiction upon the federal courts pursuant to 28 U.S.C. § 1332.  Likewise, federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is not invoked by the instant Complaint, as it sets forth herein exclusively state law claims against Defendant.  Nowhere herein does Plaintiff plead, expressly or implicitly, any cause of action or request any remedy which is founded upon federal law.  The issues presented in the allegations of the instant Complaint do not implicate significant federal issues; do not turn on the substantial federal interpretation of federal law; nor do they raise a substantial federal question.  Indeed, Plaintiff expressly avers that the only causes of action claimed, and the only remedies sought herein, are for those founded upon the statutory, common, and decisional laws of the State of Utah.  Further, assertion of federal jurisdiction over the claims made herein would improperly disturb the congressionally approved balance of federal and state responsibilities.  Accordingly, any improvident and dilatory attempt by Defendant to remove this case to federal court would be without a reasonable legal basis in fact or law.

Utah Complaint at ¶ 6.  The Louisiana Complaint, with similar sentiment but more brevity, alleges that the claims "arise exclusively under Louisiana law."  Louisiana Complaint at ¶ 6.

[18] See, e.g., Mem. in Supp. Mot. to Remand, Ex. B, Civil Action No. 11-2915 ¶¶ 14-15, 20, 25.

federal law.[19]  Similarly, in the Louisiana case, GSK argues that Louisiana's effort to compel

GSK to provide a refund for every state-paid Avandia prescription requires the State to prove a

basis under federal law to remove Avandia as a covered drug.[20]  However, as the Court reads the

Complaints, the States do not allege that Avandia is not a covered drug under the federal

Medicaid statute.  The States allege that GSK's fraudulent and deceptive actions caused

physicians to prescribe Avandia instead of safer and less expensive drugs.[21]  The issues of federal

law do not predominate.  Instead,  the Court finds that disputed issues of state law predominate

and that those issues are better suited to resolution by the state courts.[22]

GSK also argues that the States repeatedly invoked the federal Food, Drug, and Cosmetic

Act ("FDCA")[23] in the Complaints, including allegations that the FDA cited GSK for violations

of the law in connection with its marketing of Avandia.  Although Plaintiffs indeed so allege,

"[t]he mere presence of a federal standard embedded in a state law cause of action is not

sufficient to warrant federal subject matter jurisdiction where there is no federal remedy for a

violation of the federal statute."[24]  These allegations will not establish the States' ability to

---

[19] GSK Resp. in Civil Action No. 11-2915 (Doc. No. 7) at 1.

[20] GSK Resp. in Civil Action No. 11-3521 (Doc. No. 6) at 2.

[21] See New Mexico v. Ortho-McNeil-Janssen Pharm., Inc., No. 08-779, 2009 U.S. Dist. LEXIS 116524, at *7 (D.N.M. Jan. 26, 2009) (holding that "[c]laiming that Defendants wrongly triggered the State's obligation to pay for Risperdal is completely different than claiming that the State should not have such an obligation as a matter of law, despite the requirements of the federal Medicaid statute).

[22] See generally Pennsylvania v. Eli Lilly & Co., Inc., 511 F. Supp. 2d 576 (E.D. Pa. 2007) (Pratter, J.).

[23] 21 U.S.C. § 301, et seq.

[24] Pennsylvania, 511 F. Supp. 2d at 584 n. 3, 584-85 (E.D. Pa. 2007) (quoting Empire, 547 U.S. at 701, and citing Merrell Dow, 478 U.S. at 810-14).  The fact that federal funds pay for part of the cost under the Medicaid program is similarly insufficient to confer federal jurisdiction.  See id.

recover under their state-law claims; instead, these allegations relate to possible evidence to support the state-law claims.[25]   After careful consideration, this Court finds that the cases brought by the States do not fall within that narrow class of cases in which federal jurisdiction may be found when only state-law causes of action are asserted.

### B.  Diversity Jurisdiction

It is well established that a state is not considered a citizen for purposes of diversity jurisdiction.[26]   GSK argues in the Louisiana case, however, that the real party in interest is not the State but the Louisiana Department of Health and Hospitals ("LDHH"), that LDHH does not qualify as a state agency but is instead simply a citizen of Louisiana, and therefore that diversity jurisdiction exists (as the amount in controversy is considerably more than $75,000).  The Court disagrees.  Even if LDHH is the real party in interest, which GSK has not established, LDHH is a state agency for purposes of diversity jurisdiction.

"Questions concerning the citizenship of state agencies for purposes of diversity are unavoidably linked to questions of agency immunity under the Eleventh Amendment.  Despite the differing policies underlying the two inquiries, they are almost identical."[27]   The courts of the Fifth Circuit have held consistently that LDHH is a state agency for Eleventh Amendment

---

[25] See New Mexico, No. 08-779, U.S. Dist. LEXIS 116524, at *7.

[26] Harris v. Pa. Tpk. Comm'n, 410 F.2d 1332, 1333 n. 1 (3d Cir. 1969) ("Since neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction, a suit between a state, or its alter ego, and a citizen of another state is not a suit between citizens of different states and diversity jurisdiction does not exist.").

[27] Pennsylvania Human Relations Comm'n v. US Air, 615 F. Supp. 75, 77 (W.D. Pa. 1985); see also Blake v. Kline, 612 F.2d 718, 726-27 (3d Cir. 1979). The Fifth Circuit applies essentially the same standard.  See Tradigrain, Inc. v. Miss. State Port Auth., 701 F.2d 1131, 1132 (5th Cir. 1983).

purposes.[28]  GSK has given this Court no reason to conclude that LDHH should be treated differently for purposes of removal jurisdiction here.[29]


**IV.    CONCLUSION**

"An assertion of a violation of the FDCA as an element of a state tort claim is not a sufficiently substantial federal issue to confer federal question jurisdiction."[30]  GSK has not established that legal interpretations of the FDCA or the federal Medicaid statute predominate over the state-law issues to be determined in these cases, or that the parties are of diverse citizenship.  The cases therefore will be remanded for lack of subject-matter jurisdiction. Because the question of the propriety of removal in cases such as these has been resolved differently within the federal courts, the Court does not find a basis for awarding costs to the States.[31]

Appropriate orders will be entered.

---

[28] See, e.g., Pechon v. Louisiana Dep't of Health & Hosps., No. 08-664, 2009 WL 2046766 (E.D. La. July 14, 2009), aff'd in part, appeal dismissed in part, Pechon v. Louisiana Dep't of Health & Hosps., 368 F. App'x 606 (5th Cir. 2010).  Accord Darlak v. Bobear, 814 F.2d 1055, 1060 (5th Cir. 1987) (holding that then-department of Health and Human Resources was a state agency for Eleventh Amendment purposes).

[29] See Batton v. Georgia Gulf, 261 F. Supp. 2d 575, 593 (M.D. La. 2003) (holding that in determining diversity jurisdiction, "neither side disputes the status of LDHH as an arm of the state.").

[30] In re Avandia Mktg., Sales Practices and Prods. Litig., 624 F. Supp. 2d 396, 415-16 (citing Merrell Dow, 478 U.S. 804).

[31] Compare, e.g., Arkansas v. Astrazenca Pharm., L.P., No. 08-00601, 2008 WL 3992746 (E.D. Ark. Aug. 25, 2008); Pennsylvania, 511 F. Supp. 2d 576; South Carolina v. Janssen Pharm., Inc., No. 07-1452, 2007 WL 2022173 (D.S.C. July 10, 2007); Utah v. Eli Lilly & Co., 509 F. Supp. 2d 1016 (D. Utah 2007); Alaska v. Eli Lilly & Co., No. 06-88, 2006 WL 2168831 (D. Alaska July 28, 2006) with State of Alaska v. Janssen Ortho LLC, No. 11-0002 (D. Alaska Apr. 29, 2011) (transcript of oral ruling denying motion to remand); In re Zyprexa Prods. Liab. Litig., 375 F. Supp. 2d 170 (E.D.N.Y. 2005).